UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE NOW FOUNDATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No.:  26-cv-02937-AJB-BJW<br><br>**ORDER REQUIRING PLAINTIFFS TO FILE AMENDED COMPLAINT** |

On May 14, 2026, the Court issued an order to show cause why Plaintiff P.H. should be permitted to proceed by pseudonym. (Doc. No. 4.) Plaintiffs Free Now Foundation, A.T., and P.H. (collectively "Plaintiffs") timely filed a response. (Doc. No. 5.) On May 28, 2026, the Court held a Show Cause Hearing. (Doc. No. 6.) This Order follows.

**I.      Background**

On May 13, 2026, Plaintiffs initiated this lawsuit, alleging violations of the Americans with Disabilities Act and Rehabilitation Act against Defendant Poway Unified School District ("PUSD") related to P.H.'s request for A.T., a PUSD student, to be exempted from all vaccination requirements if and when his individualized education plan expires in November 2026. (Doc. No. 1, Complaint ("Compl.").)

1

26-cv-02937-AJB-BJW

Plaintiffs initially filed a nearly identical complaint on December 5, 2025, against the same Defendants, alleging the same claims. *See Free Now Found. v. Poway Unified Sch. Dist.*, 25-cv-03452-AJB-MSB (S.D. Cal. Dec. 5, 2025), Doc. No. 1. There, as here, Plaintiffs' complaint refers to both A.T., a minor, and P.H., the minor's mother, by their initials. *See generally id.* On April 6, the Court issued an order to show cause why P.H. should be permitted to proceed under a pseudonym. *Free Now Found. v. Poway Unified Sch. Dist.*, 25-cv-03452-AJB-MSB S.D. Cal. Apr. 6, 2026), Doc. No. 9. Although the Court gave Plaintiffs through April 13, 2026, to file a response, Plaintiffs failed to do so. On April 29, 2026, the Court issued an order requiring Plaintiffs to file an amended complaint no later than May 6, 2026, and warning Plaintiffs that failure to do so may result in dismissal of the action. *Free Now Found. v. Poway Unified Sch. Dist.*, 25-cv-03452-AJB-MSB (S.D. Cal. Apr. 29, 2026), Doc. No. 11. Again, Plaintiffs failed to file anything. Accordingly, on May 7, 2026, the Court dismissed the action without prejudice. *Free Now Found. v. Poway Unified Sch. Dist.*, 25-cv-03452-AJB-MSB (S.D. Cal. May 7, 2026), Doc. No. 12.

On May 13, 2026, Plaintiffs refiled the complaint, which was randomly assigned to the undersigned. (*See generally* Compl.) In the instant action, Plaintiffs have newly alleged that "P.H. has requested to remain anonymous in this Case because revealing her identity would lead to the identification of her minor child who should be protected from potential retaliation and harassment." (Compl. ¶ 15.) In response to the Order to Show Cause, Plaintiffs filed a response adding that "naming P.H. would likely reveal A.T.'s identity as well, because this action concerns a small local elementary school and a highly sensitive issue—whether an unvaccinated child may avoid vaccination requirements." (Doc. No. 5 at 2.) Plaintiffs further assert that P.H.'s fears are reasonable and not speculative because "school communities are notorious for gossip," "unvaccinated children may face scrutiny, stigma, or social attention in school and community settings, and public disclosure would increase the likelihood of that harm." (*Id.*)

On May 28, 2026, the Court held a Show Cause Hearing. (Doc. No. 6.) Plaintiffs

failed to appear, file a request to appear remotely or to continue the hearing, or otherwise contact the Court leading up to or during the hearing. (*Id.*) After the hearing concluded, an assistant from Plaintiff Counsel's firm sent an unauthorized email through the Court's general inquiry form stating "there was confusion in [their] office" because they "believed it was a remote hearing[.]"

## II.    Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). Generally, in federal court, a "[p]laintiff['s] use of [a] fictitious name[] runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (first citing *Nixon*, 435 U.S. at 598–99 and *EEOC v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990); then quoting Fed. R. Civ. P. 10(a)).

However, there are "special circumstances justify[ing] secrecy" wherein "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously[.]"*Advanced Textile Corp.*, 214 F.3d at 1067. For example, federal courts protect the privacy of minors by requiring that any filing containing "the name of an individual known to be a minor" include only "the minor's initials." Fed. R. Civ. P. 5.2(a)(3). Additionally, "[i]n this circuit . . . parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile Corp.*, 214 F.3d at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

### III.   Discussion

As a preliminary matter, the Court notes that this decision is based solely on the merits of Plaintiffs' response to the Order to Show Cause. Plaintiffs' failure to appear and unauthorized communication with the Court had no bearing on the decision.[1] All agree A.T., as a minor, must appear before the Court only by his initials. *See* Fed. R. Civ. P. 5.2(a)(3). At issue is whether P.H. should be permitted to proceed by pseudonym, not for her own privacy, but to further safeguard A.T.'s identity. (*See generally* Doc. No. 5.) To that end, Plaintiffs' arguments fall into two categories: (1) blanket protection stemming from Rule 5.2 and (2) balancing of Ninth Circuit factors. The Court addresses each in turn.

First, Plaintiffs argue that "naming P.H. would likely reveal A.T.'s identity as well" because, with "this action concern[ing] a small local elementary school," "the combination of the child's initials, the parent's initials, and the specific facts alleged may be enough for community members to identify the family[.]" (Doc. No. 5 at 2.) The privacy protection afforded minors by Rule 5.2 does not go so far as to provide true anonymity. The Rule does not require a true pseudonym for minors; nor does it contemplate similar redactions for guardian ad litems or parental parties to suits involving minors. Logically, Plaintiffs' argument that requiring a parent to proceed under her own name would "defeat the privacy protection Rule 5.2 is designed to preserve" would require all guardians ad litem to be referred to by initials (*see* Doc. No. 5 at 2)—a broad proposition unmoored from precedent.

---

[1]   Plaintiffs Counsel's assistant sending an email twenty-four minutes after the hearing was scheduled to commence (four minutes after the hearing concluded) stating that counsel thought the appearance was remote is woefully inadequate in myriad ways. (*See* Doc. No 4 at 4 ("A Show Cause hearing is hereby **SET** for **May 28, 2026**, at **10:00 AM** in Courtroom 4A before the undersigned. See J. Battaglia Civ. Case Proc. § II.") (emphasis in original).) J. Battaglia Civ. Case Proc. § II.A ("**In-Person Default**: Unless otherwise ordered, all law and motion hearings will be conducted **in person** in Courtroom 4A of the Edward J. Schwartz U.S. Courthouse, located at 221 West Broadway San Diego, CA 92101.") (emphasis in original). *See also* J. Battaglia Civ. Case Proc. §§ I.A ("Letters or emails to chambers are prohibited unless specifically requested by the Court."), I.C ("Only counsel of record with knowledge of the case may contact chambers.").

26-cv-02937-AJB-BJW

Beyond citing the legal standard for proceeding by pseudonym, Plaintiffs proffer no case law to support their stance, nor is the Court independently aware of any.

Second, Plaintiffs argue the need for anonymity outweighs the presumption of public access and risk of unfairness to PUSD. (*Id.*) Specifically, Plaintiffs argue that (1) A.T. would be at "real risk" of facing "scrutiny, stigma, or social attention" in school and from the community for being unvaccinated and (2) PUSD will not be meaningfully prejudiced because they are aware of Plaintiffs' identities. (*Id.*)

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068). "The most common instances [where courts permit parties to proceed anonymously] are cases involving abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases. The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981) (citations omitted).

Here, Plaintiffs do not allege a threat of physical harm. Instead, Plaintiffs assert that A.T. would likely face "scrutiny, stigma, or social attention" due to his vaccination status. The Court is unaware of any courts finding vaccination status to be a sensitive category for which social stigma would be sufficiently intense to warrant the unusual protection of proceeding by pseudonym. Moreover, Plaintiffs proffer no specifics, regarding severity of the potential harm or even what that potential harm of scrutiny, stigma, and social attention would be. The general possibility of a community's social commentary or judgment on a member, such as posited here, has been found insufficient in other courts throughout this Circuit. *See, e.g., Hindu Am. Found., Inc. v. Kish*, No. 2:22-CV-01656-DAD-JDP, 2024

WL 3794056, at *3 (E.D. Cal. Aug. 13, 2024) ("[M]erely expressing fear of disagreement or disapproval by community members is insufficient to support a pseudonymous lawsuit."); *Roe v. San Jose Unified Sch. Dist. Bd.*, No. 20-CV-02798-LHK, 2021 WL 292035, at *9 (N.D. Cal. Jan. 28, 2021) ("Yet Doe and Roe do not aver any actual threat or any specific people who would pose a threat. At most, Doe and Roe show that many in their community disagree with their beliefs. Community disagreement and any resulting 'embarrassment or economic harm is not enough' to support a pseudonymous lawsuit."); *Am.'s Frontline Drs. v. Wilcox*, No. EDCV211243JGBKKX, 2022 WL 1514044, at *3 (C.D. Cal. Jan. 7, 2022) ("Plaintiffs do not plausibly allege harm or any future harassment. The allegations are vague, conclusory, and do not hint at potential repercussion, retaliation, or intimidation. Plaintiffs allege only the desire to avoid perceived intimidation or repercussion. Whether the on-campus community would disagree with their stance is not a 'risk of retaliatory physical or mental harm.' Community disagreement which results in 'embarrassment . . . is not enough' to support the use of pseudonyms."); *Day v. California Lutheran Univ.*, No. 821CV01286JLSDFM, 2022 WL 2965769, at *4 (C.D. Cal. June 9, 2022) ("However, such evidence does not amount to threats of severe harm, as it at most shows that Plaintiffs fear community disapproval of their actions or social ostracization.").

Considering the remaining factors, the Court finds that there has been no showing that PUSD would be prejudiced by Plaintiffs' request. As such, prejudice does not weigh against Plaintiffs' request. Finally, although A.T. is a minor and thus a more vulnerable litigant, this request is not to anonymize A.T.—an action this Court has already approved of pursuant to Rule 5.2. Instead, Plaintiffs' request is to protect P.H.'s identity for the indirect benefit of A.T. Considering that P.H. is an adult and Plaintiffs proffer no argument or analysis as to P.H.'s vulnerability, the Court finds this factor does not weigh in favor of anonymity.

In balancing the Ninth Circuit factors, the Court finds that Plaintiffs' general allegations of potential "scrutiny, stigma, or social attention," as an adult without any particular vulnerability alleged is insufficient to outweigh the public's right to access and

the presumption that parties' identities are public. However, the Court acknowledges that the record will likely include certain private medical or health information as litigation progresses, which may warrant protection especially in light of A.T.'s age. With that in mind, the parties should convene to draft a joint motion for entry of a protective order and consider filing motions to seal redactions of select information pursuant to the applicable Ninth Circuit standard in conjunction with future filings.

**IV.    Conclusion**

Having found Plaintiffs fail to meet their burden, the Court **ORDERS** Plaintiffs to file either (1) a first amended complaint, fully naming P.H.,[2] or (2) a notice of voluntary dismissal no later than **June 15, 2026**.[3] If this action is dismissed without prejudice for any reason and Plaintiffs choose to file another complaint alleging the same claims asserted herein, the Court **ORDERS** that Plaintiffs and their counsel must file a notice of related case connecting the newly initiated action to this action and its predecessor **concurrently with the new complaint**. *See* CivLR 40.1.f. Failure to comply with this order will lead to the imposition of sanctions.

**IT IS SO ORDERED**.

Dated:  June 1, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

[2]    Plaintiffs are cautioned that their initial pleading also violated this district's Civil Local Rules. *See* CivLR 5.1.a ("Each document filed, including exhibits where practicable, must be in English, plainly written, or typed in double space on one side of the document, **line numbered in the left margin** with not more than 28 lines per page, and letter size.") (emphasis added), 5.1.i (listing all the information required on the title page of every filing). Any future non-compliant filings will be stricken.

[3]    Failure to timely comply with this Order will result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) [for failure to prosecute or comply with a court order] operates as an adjudication on the merits."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

26-cv-02937-AJB-BJW